E. GRADY JOLLY, Circuit Judge,
with whom GEE, REAVLEY and GARWOOD, Circuit Judges, join, dissenting:
I continue to adhere to the holding and reasoning of the panel. With the greatest respect for the majority and for the writing judge, it is nevertheless my belief that the result reached by the en banc court requires it to disregard the plain meaning of words, to twist common rules of grammatical construction, and to fill statutory interstices with judicial legislation. Even though legislative history, carefully picked out, is the principal basis of the argument made by the majority, legislative history can be persuasively cited — as the panel opinion points out — to support the conclusion reached by the court below. In short, the legislative history, viewed as a whole, is anything but conclusive. I would therefore return to the words of the statute, which, if given their usual meaning in context, cannot support the conclusion reached by the majority here.
Judge.Tate has in truth written a thorough and scholarly opinion which, frankly, is more convincing than the Second Circuit’s in In re Taddeo, 685 F.2d 24 (2d Cir.1982). Most of the arguments and points made by the en banc opinion have been addressed by our panel opinion, and I will let the matter rest on what has been said. For me to write more on the subject, which now appears settled by virtue of the *248 majority here and the Second Circuit in In re Tadde.0; would be largely repetitious and amount to no more than a Parthian shot.